IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



MELODEE THOMPSON, CORDARIUS
THOMPSON, KENNETH C. THOMPSON,
JR., and CLAYEISHA THOMPSON, INDIVIDUALLY
AND ON BEHALF OF HER MINOR CHILDREN            PLAINTIFFS

V.                                             CAUSE NO.: 3:17cv986 CWR-FKB

CITY OF JACKSON, CHIEF LEE VANCE,
IN HIS OFFICIAL CAPACITY, OFFICER
BRANDON CASTON, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY, OFFICER "JOHN"
MOORE, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, OFFICER "JOHN" DUKE, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY, OFFICER
KOURTNEY KELLY, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY, AND
OFFICERS JOHN DOES 1-5, ALL IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES            DEFENDANTS

**COMPLAINT**
(Jury Trial Demanded)

COME NOW Plaintiffs Melodee Thompson, Cordarius Thompson, Kenneth C. Thompson, Jr., and Clayeisha Thompson, Individually and on behalf of her minor children (hereinafter "Plaintiff Melodee," "Plaintiff Cordarius," "Plaintiff Kenneth," "Plaintiff Clayeisha," or collectively "Plaintiffs"), by counsel, and file this, their COMPLAINT against City of Jackson, Chief Lee Vance, In His Official Capacity, Officer Brandon Caston, In His Individual and Official Capacity, Officer "John" Moore, In His Individual and Official Capacity, Officer "John" Duke, In His Individual and Official Capacity, Officer Kourtney Kelly, In Her Individual and Official Capacity, and Officers John Does 1-5, All In Their Individual and Official Capacities to recover actual and punitive damages for the Defendants violations of the Plaintiffs' Fourth (4th) Amendment right to be free from excessive force, Fourteenth (14th)

Amendment rights to substantive due process without intentional exposure to known danger, and all other claims made actionable pursuant to 42 U. S. C. §1983 and also the common law right to be free from actions of city and county law enforcement evincing reckless disregard for the Plaintiffs made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"), and Mississippi common law and would show unto the Honorable Court the following, to wit:

## PARTIES

1. **Plaintiff Melodee** is an adult resident citizen of Hinds County, Mississippi, residing at 6310 Lyndon B. Johnson, Jackson, MS 39213.

2. **Plaintiff Cordarius** is an adult resident citizen of Hinds County, Mississippi, residing at 6310 Lyndon B. Johnson, Jackson, MS 39213.

3. **Plaintiff Kenneth** is an adult resident citizen of Hinds County, Mississippi, residing at 6310 Lyndon B. Johnson, Jackson, MS 39213.

4. **Plaintiff Clayeisha** is an adult resident citizen of Hinds County, Mississippi, residing at 6310 Lyndon B. Johnson, Jackson, MS 39213. At all times relevant herein, Plaintiff Clayeisha is the wife of Plaintiff Kenneth Thompson.

5. **Defendant City of Jackson (hereinafter Defendant City)** is a city entity that may be served with process by service on Kristi Moore, City Clerk, at 219 S. President Street, Jackson, MS 39201.

6. **Defendant Chief Lee Vance (hereinafter Defendant Chief)**, employed with the City of Jackson, MS, is an adult resident citizen of Hinds County, Mississippi, and he may be served with process at 327 E. Pascagoula Street, Jackson, MS 39205.

7. **Defendant Officer Brandon Caston (hereinafter Defendant Officer Caston)**, employed with the City of Jackson, MS, is an adult resident citizen of Hinds County, Mississippi, and

he may be served with process at his place of employment at 327 E. Pascagoula Street, Jackson, MS 39205.

8. **Defendant Officer "John" Moore (hereinafter Defendant Officer Moore)**, employed with the City of Jackson, MS, is an adult resident citizen of Hinds County, Mississippi, and he may be served with process at his place of employment at 327 E. Pascagoula Street, Jackson, MS 39205.

9. **Defendant Officer "John" Duke (hereinafter Defendant Officer Duke)**, employed with the City of Jackson, MS, is an adult resident citizen of Hinds County, Mississippi, and he may be served with process at his place of employment at 327 E. Pascagoula Street, Jackson, MS 39205.

10. **Defendant Officer Kourtney Kelly (hereinafter "Defendant Officer Kelly)**, employed with the City of Jackson, MS, is an adult resident citizen of Hinds County, Mississippi, and she may be served with process at her place of employment at 327 E. Pascagoula Street, Jackson, MS 39205.

11. **Defendant Officer John Does 1-5 (hereinafter Defendant Does)**, employed with the City of Jackson, MS, are adult resident citizens of Mississippi, and they may be served with process at 327 E. Pascagoula Street, Jackson, MS 39205.

## JURISDICTION AND VENUE

12. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and 42 U.S.C. §1983 and includes any and all state law claims plead herein below for which jurisdiction and venue are attached thereto, specifically, but not limited to Title 11, Chapter 46, known as the Mississippi Tort Claims Act.

13. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## FACTS

14. At all relevant times, the actions involved in this case are the result of official policy of Defendant City of Jackson, either of the City's implemented policy, or the City's gross negligence or reckless disregard in failing to supervise its employees through their designee chief of police, or the chief's gross negligence or reckless disregard in the training and monitoring of his officers.

15. This is a claim for negligence, excessive force, and denial/delay of medical treatment filed by Plaintiffs that caused significant injuries to Melodee, Cordarius, and Kenneth as a result of the actions of Defendant Officers Caston, Moore, Duke, Kelly and Does on March 22, 2017. Defendants breached their duty to monitor, care for, and to provide necessary medical attention to Melodee, assaulting Cordarius by choking and kneeing him in the stomach, and intentionally and negligently inflicting emotional distress upon Kenneth as a bystander to the events. These actions established a willful and wanton indifference Plaintiffs' physical and mental welfare, violating their constitutional rights under the 4th and 14th Amendments.

16. On or about March 22, 2017, Plaintiffs Melodee and Cordarius were at Melodee's home, private property, in Jackson, MS when Cordarius's friend came over, parking his vehicle in Melodee's driveway. Two police officers, male and female, followed the young man to Plaintiff Melodee's residence and walked onto her property harass him.

17. At this time, Plaintiffs Melodee and Cordarius were inside of the home and unaware of what was happening in their yard. Once Plaintiffs Melodee and Cordarius became aware of police officials in the yard, Plaintiff Melodee exited her home and approached Defendant Officer Caston. Plaintiff Melodee asked Defendant Officer Caston, "What was going on? Why was he on her property?" Defendant Officer Caston refused to provide Plaintiff Melodee with any information while on her property; instead, he rudely instructed Plaintiff Melodee to **MOVE BACK** displaying an extremely hostile disposition.

18. Defendant Officer Caston began to arrest the young man whom officers had followed onto the property, and Plaintiff Cordarius asked to get his keys to prevent his vehicle from getting towed. Defendant Officer refused to release the keys and aggressively instructed Plaintiff Cordarius to **MOVE BACK**. Thereafter, Officer Caston called for his female partner, Officer Kelly, to assist in the arrest.

19. Once Defendant Kelly approached the property, she immediately displayed a hostile demeanor, turning her back to Plaintiff Melodee as Plaintiff Melodee continued to seek answers from Defendant Officer Caston. Defendant Officer Kelly threw her elbow into Plaintiff Melodee's chest, knocking her backwards and into Plaintiff Cordarius, causing contusion to Plaintiff Melodee's chest area.

20. As Plaintiff Cordarius assisted his mother to the couch in their garage, he noticed Defendant Officer Caston approaching them with a bottle of mace aimed in their direction. Defendant Officer Caston sprayed the mace at Cordarius, but sprayed Melodee in the eyes instead. Plaintiff Melodee fell to the ground and began to suffer a seizure.

21. Defendant Officers Caston, Moore, Duke, Kelly and Does refused to allow anyone to provide or seek medical assistance for Plaintiff Melodee. While Plaintiff Melodee laid on

the ground, her other son, Plaintiff Kenneth, arrived at the scene. Plaintiff Kenneth immediately began to approach his mother and question what happened to her. Plaintiff was instructed to get away from his mother and leave her alone as she laid helpless on the ground suffering from her second seizure. When Plaintiff Kenneth refused to leave his mother's side, he was forcefully grabbed and placed under arrest.

22. As Plaintiff Kenneth was being arrested, Plaintiff Cordarius took out his cellular phone and began to record the officers' actions; thereafter, Cordarius was football tackled by Defendant Officers Moore, Duke, Kelly and Does to prevent him from obtaining video footage of their actions. Subsequently, Plaintiff Cordarius was placed under arrest. Plaintiffs Kenneth and Cordarius were transported to Jackson Police Department.

23. Plaintiff Clayeisha witnessed her husband, Plaintiff Kenneth, being wrongly arrested by Defendant Officers. She also witnessed her two minor children, ages 10 and 4 years old, being traumatized from one of Defendant Officers pulling out a gun, constituting assault and infliction of emotional distress.

24. As a result of her injuries caused by Defendants, Plaintiff Melodee was transported via ambulance to the Baptist Medical Center where she sustained her third seizure. Plaintiff Melodee was later transported to Jackson Police Department.

25. Based upon information and belief, Defendants Officers Caston, Moore, Duke, Kelly and Does were all employees of Defendant City, at the time of the subject incident. At all times herein, Defendant Chief was the commanding officer throughout the entire incident and responsible for the actions and/or omissions of the aforementioned officers.

26. Defendants were aware of and acted deliberately indifferent to a serious medical need by failing to adequately obtain medical care and deal with Plaintiff Melodee's obvious and

apparent health condition despite her requests, requests of others, and obvious need. Defendants' deliberate indifference to this serious medical need was a direct and proximate cause of Plaintiff Melodee's second and third seizures.

27. The injuries endured by all Plaintiffs could have been avoided if Defendants would have acquired the adequate training on how to provide proper assistance and care. However, as a result of the Defendants' deliberate indifference, reckless disregard and gross negligence, Plaintiffs sustained injuries.

## COUNT ONE
## VIOLATION OF 4TH AND 14TH AMENDMENT RIGHTS UNDER 42 U.S.C. Section 1983 AND 28 U.S.C. Section 1343 et al

28. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

29. Plaintiffs would show unto the Court that the Defendants, with reckless disregard for Melodee, Cordarius, Kenneth and Clayeisha Thompon's rights and deliberate indifference to a serious medical need of Melodee, took actions to deprive Plaintiffs of their 4th and 14th Amendment rights.

30. Plaintiffs suffered damages as a result of the aforementioned conduct as set heretofore and/or hereinafter that resulted in Plaintiffs' injuries.

## COUNT TWO
## EXCESSIVE FORCE

31. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

32. Plaintiffs would show unto the Court that the Defendants took actions to deprive Plaintiffs of their 4th Amendment protection against excessive force.

## COUNT THREE
## DELAY/DENIAL OF MEDICAL CARE

33. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

34. Plaintiffs would show unto the Court that the Defendants, with reckless disregard for Plaintiff Melodee's medical condition and acting with deliberate indifference to a serious medical need, took actions to deprive her of her 8th and 14th Amendment rights to medical care.

35. Plaintiffs suffered damages as a result of the aforementioned conduct as set out heretofore and hereinafter.

## COUNT FOUR
## NEGLIGENCT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (BYSTANDER'S CLAIM)

36. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

37. Plaintiffs Kenneth and Cordarius claim that they suffered serious emotional distress as a result of witnessing their mother, Plaintiff Melodee, endure two seizures at their home in the front yard while Defendant Officers refused to acquire medical assistance and refused to allow them to care for their mother.

38. The conduct of Defendant Officers was a substantial factor in causing Plaintiffs' serious emotional distress; including, but not limited to: anguish, fright, horror, nervousness, anxiety, shock, humiliation, and shame that an ordinary, reasonable person would be unable to cope with.

## COUNT FIVE
## RECKLESS ENDANGERMENT

39. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

40. Plaintiffs would show unto the Court the Defendants took actions that recklessly endangered the safety and well-being of Plaintiffs Melodee, Cordarius, and Kenneth.

## COUNT SIX
## RECKLESS DISREGARD

41. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

42. Plaintiffs would show unto the Court the Defendants took actions that had reckless disregard for the safety and well-being of Plaintiffs Melodee, Cordarius, and Kenneth.

## COUNT SEVEN
## CIVIL ASSAULT AND BATTERY

43. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

44. Defendants are liable for civil assault and battery. Plaintiffs allege that Defendant Officers intentionally, with reckless disregard and/or negligently inflicted extreme emotional distress upon their minds, spirits, and bodies by forcefully elbowing Plaintiff Melodee in the chest and macing her in the eyes prior to the arrest; and by forcefully choking and kneeing Plaintiff Cordarius in the stomach during his arrest. Defendants have caused the Plaintiffs to suffer from emotional problems and mental anxiety as well as bodily pain and suffering.

45. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct.

46. As a direct and proximate result of aforementioned Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT EIGHT
## TRESPASSING

47. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

48. Defendants intentionally walked onto Plaintiffs' property without their consent or any other valid privilege.

## COUNT NINE
## ABUSE OF PROCESS

49. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

50. Defendants intentionally misused the legal process by brutally attacking and wrongly arresting Plaintiffs Melodee, Cordarius, and Kenneth Thompson.

51. The element of malice or ulterior motive should be inferred from the Defendant Officers' willful abuse of process.

52. If such inference fails, malice specifically exists in that Defendant Officers acted with malice and conscious disregard for the rights of Plaintiffs in that their ulterior purpose in misusing the legal process was to severely harm Plaintiffs while not executing their lawful duties to actually serve and protect Plaintiffs and other similarly situated individuals.

53. As a proximate result of Defendants' abuse of process, Plaintiffs suffered damages.

## COUNT TEN
## MALICIOUS PROSECUTION

54. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

55. Defendants failed to address or provide any evidence regarding this action.

56. The prosecution of this action against Plaintiffs was malicious and brought without any cause to believe that any crime has been committed by Plaintiffs.

57. The prosecution of this action was brought vindictively and for an ulterior motive; for the purpose of attempting to legally harass and to defame Plaintiffs.

58. The bringing and continuing of this action constituted malicious prosecution on the part of the Defendants against Plaintiffs Melodee, Cordarius, and Kenneth, and their conduct, being willful, wanton and malicious, warrants punitive damages.

59. That as a result of the malicious prosecution, Plaintiff Melodee, Cordarius, and Kenneth were obliged to defend themselves and to expend money and time in their defense, all in an amount to be proven at the trial; that they lost time from the ordinary pursuits in their life and home, and that the equality of their life was diminished by it, all to their great damage, as will be shown at the trial.

60. Wherefore, Plaintiffs request special damages as may be shown and for general compensatory damages in tort as may be fixed be the jury, punitive damages as may be assessed by the jury and for costs, disbursements, and reasonable attorney fees incurred as a result of defending this action.

## COUNT ELEVEN
## NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE IN HIRING AND TO MONITOR, TRAIN, AND SUPERVISE THE OFFICERS INVOLVED

61. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

62. Defendants, City and Chief Vance, were grossly negligent and/or wanton in failing to monitor the actions of the Defendant Officers. They further negligently and/or wantonly failed to train the aforementioned Defendants to properly protect, investigate, interrogate, or detain Plaintiffs and other similarly situated individuals. Defendants negligently and/or wantonly failed to properly follow and/or apply their own city and law enforcement rules, ordinances regulations, policies and procedures, as well as state law generally. The City of Jackson, Mississippi and Chief Lee Vance failed to properly supervise the actions of Defendant Officers. Defendant City failed to properly supervise the actions of Defendants Caston, Moore, Duke, Kelly, and Does 1-5.

63. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts/or omissions, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT ELEVEN
## BYSTANDER LIABILITY

64. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

65. The actions and/or inactions of Defendants and its agents constituted negligence and/or breach of duties owing from the Defendants to the Plaintiff Clayeisha resulting from her sensory and contemporaneous observance of the wrongful arrest of her husband, Plaintiff Kenneth Thompson, and a gun being pulled out before her minor children. Plaintiff Clayeisha has endured serious emotional and mental distress. Defendants are liable to Plaintiff Clayeisha on a theory of bystander liability.

## PRAYER FOR APPROPRIATE RELIEF

66. Plaintiffs incorporate and adopt all prior paragraphs, averments, and statements.

67. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of Defendants named herein, Plaintiffs have suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

68. All Defendants are jointly and severally liable to Plaintiffs for the following damages: past, present and future physical pain, suffering and mental anguish and emotional anguish; lost wages and expenses associated with defense of criminal charges, and all other damages to be proved at trial.

69. Plaintiffs bring this action against all Defendants and demand judgment and compensatory damages as a result of the negligent and/or intentional acts enumerated herein in an amount to be determined by this Court.

70. The acts of Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of Plaintiffs and others similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling Plaintiffs to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** Plaintiffs respectfully pray for judgment against all Defendants, compensatory damages, punitive damages, any and all damages allowed by Mississippi or federal law, pre-judgment interest, post-judgment interest, attorney's fees, Veasley type damages, and all costs of this proceeding with such final amount being at least $500,000.00 or an aggregate sum equal to the maximum amount of recovery allowed by the Mississippi Tort Claims Act plus any recovery to be determined by a jury and allowed under any applicable state or federal law and guidelines.

THIS, the 4th day of December, 2017.

MELODEE THOMPSON, et al., PLAINTIFFS

By: _____
Carlos E. Moore, MSB# 100685
Michael S. Carr, MSB #102138

OF COUNSEL:

**TUCKER|MOORE GROUP, LLP**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: carlos@tuckermoorelaw.com

Michael S. Carr, Esq.
**CARR LAW FIRM**
P. O. Box 1749
301 W. Sunflower Rd. Suite D
Cleveland, MS 38732
(tel) 662-441-1LAW
(fax) 662-441-1530
Email: mcarr@carrlawpllc.com